Good morning, your honors, and the pleas of court. My name is Irving Sankin. I represent the defendant, the appellant, whose name is Magdalena Siudy, and I would request that I reserve five minutes for rebuttal, please. This case involves an interim action that was to return a piece of property that the plaintiff, Renata Piatek, said belonged to her. She sued Ms. Siudy in state court. It was removed to federal court. The two problems we have with what happened is, first of all, we believe that Ms. Siudy was not properly served as a Polish national. She should have been served under the Hague Convention, and they did not follow through with that. The second problem we have is, based on the judgment and the evidence that was given, Ms. Piatek's former husband, Stanislaw Piatek, was a necessary and proper party to this action. Counsel, what triggered the Hague Convention application, in your view? Why would the Hague Convention apply to this case? Because Ms. Siudy was a Polish national residing in Poland. Now, what case says that if you're trying to sue a foreign national that the Hague Convention is automatically triggered? Well, the cases we cited, such as the Volkswagen case. What's your best case? I think the best case is probably the, and I'll pronounce it wrong, but the Volkswagen case. This Volkswagen worth case. But there's also the Well, that case says that the Hague Convention applies when the state is not allowed to sue a foreign national. The state statute requires mailing of documents abroad in order to effect service. Is that what we had in this case? Can you repeat that, please? The case you cited, Volkswagen, says that the Hague Convention applies if a state statute requires mailing of documents abroad to effect service. Is that what we had in this case? We had the mailing of documents Was there a state statute that required that the documents be mailed abroad in order to effect service? Yes. Okay, what state statute required that in order to effect service, the documents be mailed abroad? It doesn't say mailed abroad. It says that one of the elements of publication is that copies of the documents also have to be mailed to the defendant. Right, but it doesn't say they have to be mailed abroad. The convention itself in Article I states that it applies in all cases where there has to be judicial documents served abroad. Exactly, but there has to be something requiring the documents to be served abroad. You're bootstrapping your argument. If the state statute said that the documents had to be mailed abroad, then I would agree with you, but there's nothing in the state statute that requires the documents to be mailed abroad. In fact, this service was attempted here in the state of Washington, right? They said it was. The problem was Ms. Schutte never resided in the state of Washington. Well, that was a question. Go ahead. That was my next question. Wasn't there some evidence in the record that would have allowed the district court to infer that she did reside in Washington? Well, they had gone to the house. They heard voices inside a couple of times. They knocked on the door trying to affect personal service. No one answered. Could the district court have inferred from that that Ms. Schutte was there and just not answering? There was no evidence as to who was in the house at the time the alleged voices were heard, and as I read the record, it was hearsay, and we have also evidence in the record where Ms. Piontek stated that she knew that Ms. Schutte was living in Poland with her former husband. This was Ms. Schutte's house. I mean, they went to the house after the transfer had already gone through. It was in her name. It was in her name. The people are inside. They knock on the door, and the voices stop, and no one answers. And they check with the neighbors, and the residents say the neighbors are rarely home. It's her only known address in Washington, and she's claiming, and her name's on the property. Wouldn't one assume that a person resides in a house that's in their name? Not a case like this would a plaintiff assume that she resided in Poland and the plaintiff knew that she did not reside in a house. Didn't Renata mail copies of the documents to three different addresses in Poland? Isn't that part of the record here, too? Yes, that is part of the record, which meant that she knew that she was in Poland. But I thought you just told us that she didn't comply. There was a deficiency in compliance with the Hague Convention. Because under the Hague Convention, you have to look at the place to where the documents are being sent, and Poland doesn't recognize service by mail. And secondly, the documents were sent in English, and there was no attempt to explain what the case meant in Polish or any language that Ms. Schutte would understand. Well, it all kind of harkens back to it appears clear that she knew about this lawsuit. She has a lawyer. She's represented in this lawsuit, and I couldn't tell. It seems like she didn't show up for the lawsuit, but there's some indication in the record that she was ill in Poland after having a child or her second child or something along those lines. And then Mr. Piotek? Yes. Piotek? Is that how you say it? Piotek? I think it's pronounced Piontek. I don't know how the council pronounces it. All right. He's at the hearing. He presents evidence. We're not talking about a situation where your client doesn't know about this. You're making one argument, but there's other arguments in the record that so indicate that it happened otherwise, and it seems pretty clear that the district court felt that it had happened otherwise, made those factual findings, and moved on from it. Maybe you should spend time on some of your other arguments. The other argument would be under the necessary party. Well, can you show me anywhere, can you cite any place in the record showing me that Stan Piotek actually claims an interest in the disputed property? No, because he wasn't a party to the action. Mr. Piotek was not represented. He did not appear. But clearly, we start with an NREM action, and the plaintiff, Al-Pali, brings in all this evidence about the alleged use of community funds elsewhere in making a decision against Ms. Schutte, not against Mr. Piotek. He was essentially a witness at the bench trial for your client. Correct, but he was not a party. He did not have representation. He was not able to present his claim. I mean, this isn't complicated stuff. It's whether he has an interest in the property or doesn't. He testifies under oath that no community funds went into purchasing the property. He doesn't have a community interest. Wasn't that the substance of his testimony under oath? His substance was that the property belonged to Ms. Schutte because she had funds that were outside the community. Right. But plaintiff prevailed saying it was community funds. If it was community funds, then he had an interest in them. The plaintiff can't have it both ways either. Well, I suppose that's one way to look at it. I mean, the other way to look at it is he wants it both ways now. Isn't there maybe an equitable estoppel position that would prevent him from now asserting an interest that under oath he disclaimed? I would say not because you're able to plead in the alternative. He didn't do that, though. Because he didn't plead at all. But there's actually a state case pending now between Mr. and Mrs. Piontek in state court in Pierce County over the actual ownership of that house. Well, when you come in and you testify under oath, that's going to have some implications in the future. Oh, I understand, Your Honor, but... I mean, this judge that hears this case has Mr. Piontek there who never claims any interest in that property. He only claimed interest... So now what you want us to do is say that the judge should have disbelieved him and believed that he really did have an interest. No, what I'm saying is if there's obviously a disagreement between Mr. and Mrs. Piontek as to whether or not community funds were used. Well, the judge found against him. The judge found against him and made a factual finding against him regarding this credibility, which we can't revisit. Which meant that community funds were used, and if community funds were used, he had an interest in that. Or her separate funds. That could... possibly that wasn't the finding that wasn't presented. If it was her separate funds, then it would... I don't know. I don't know. He had the funds, and the other concern we have is all the evidence presented to the court had to do with use of community funds and his alleged use of community funds in Australia. Well, the court also did an equitable balancing. So even if community funds were used for the property, that doesn't take away from the fact that the court said, you know, he's disposed of this property, and as a matter of equity, I'm going to try to even out the property ownership. And so even if community funds were used, I'm giving her this property as her property. And that's the nub of our concern because he did an equitable balancing with a non-party. Mr. Piontek was a witness, he was not a party to the action. We don't think the judge in an interim action had a right to do the equitable balancing between his rights to certain assets and the rights of his former wife to assets. That he would have been a necessary party. And I think it's similar in that case... What case do you have to support your argument that the court cannot consider evidence of what each party has in terms of assets in determining who is entitled to this particular property? What case authority are you relying on? Well, we're... Because equity is very broad. Equity is broad as the parties. You're asking to prove a negative, but we do rely largely on the Pitt River case. Pitt River? Which involved two different associations saying they represented a tribe as to which one had rights with regard to using tribal lands. Yeah, but I'm asking you about your premise that if a court is sitting in equity, the court exceeds its jurisdiction by considering property that's not before the court. What case supports that argument? Right offhand, I couldn't tell you. When I'm waiting to do my rebuttal, I can look and answer it then. But the main contention is that Mr. Piontek was not a party, so we don't see how the court could have balanced any of his equities with regard to making a claim or finding as against Ms. Schutte. And that's why I think he's a necessary party, because he had a real interest as being affected. And if he goes back to court in the future, then there's a concern that there'll be some type of equitable estoppel argument made that the court already ruled as to what his rights were with regard to this house. Can a party waive his interest in this type of proceeding? I mean, when he comes in and disclaims it and says, no community funds here, I have no interest in this property. I mean, can that amount to a waiver that would dispense with the need to join him or would allow the court to issue equitable relief that affected him? In essence, disavowed and waived any right that he may have? No, because if he were represented, he would have argued, for example, that I'm claiming that no community property funds were used, but if there were community property funds used, I'd still have an ownership interest in it. And nobody was there to advise him. Wasn't that just speculation? As to which? That if he were represented, then he would say this. All these cases are pretty much that with necessary parties. He did not assert a legal position. He was just there as a fact witness. Did you want to save any time for a rebuttal? Yes. All right. Thank you. Good morning, Your Honors. May it please the Court. My name is Brittany Pierce and I'm here on behalf of the appellee, Renata Piatek. We are here essentially because Ms. Schutte would like a do-over of the entire case that already happened before the Honorable Ronald Layton in District Court. What would happen if she had a do-over is exactly the same result. What she wants is a different method of service. She was already served in Washington under our Washington statutes, but she would like to have been served in Poland through the Hague Convention when our Washington laws do not require that. She also wants a do-over in the respect of having Stan Piatek part of the lawsuit as a named party instead of being just her primary and only witness at trial and also having submitted five declarations in this action as well. If she had a do-over, if these things happen, we would have the same exact result today. Ms. Schutte has argued four reasons for seeking review by this Court and neither, not one of those four reasons has merit today. The first is the joinder. The second is the service. Next is about jurisdiction and finally about evidence. Not one of those arguments has merit. First, looking at the joinder issue. Federal Rule of Civil Procedure 19 governs joinder. Determinations of joinder are practical and fact-specific. They are not formalistic. In this case, we have a party who used as her witness Stan Piatek and now she's come back to claim that Stan Piatek should have been named as a party. He was necessary and indispensable, should have been a party in this action all along. That argument is disingenuous considering that he was part of this action at every step of the proceeding. FRCP 19A does not require the courts to limit their inquiry to the form of the matter and allows them to look past the form to the substance. Was she ever there in the proceedings? Ms. Schutte was there. She was at trial. In fact, there was an interpreter at trial for her. Okay, because I couldn't tell exactly from the record. She did not, there were not proceedings in advance of that that she was present at but at the trial and the record does show that at ER 15 that there was an interpreter there on her behalf at the trial. Did you try this case? I did not, Your Honor. The goals of FRCP 19 have been achieved here. Stan Piatek did not claim an interest in this property at any time. Not in any of those declarations, not on the witness stand. He never claimed an interest in this property. That is one of the very prongs of Federal Rule of Civil Procedure 19. I think the rule has been changed now. It talks about required parties as opposed to necessary but do you think that changes the analysis at all? I'm sorry. I do not think it changes the analysis, Your Honor. You're right. The terminology has been changed from necessary to required and back in 1966 it was also changed from a very formalistic approach to now more of a substantive and practical approach. Having a party be required or necessary I think those really go to the same thing. Whether they should be part of this action and in this case Mr. Piatek did not need to be part of this action. FRCP 19 case law and also the documents talking about the change in 1966 also talk about that the plaintiff has the autonomy the authority to choose who she wants to bring her lawsuit against. It sort of seems like that the district judge didn't believe Mr. Piatek and said so in so many words and essentially believed that it did involve community property and he had misappropriated community property at various points. So I think essentially what the argument there is well you didn't believe me you thought that I was lying and it really did involve community property therefore I was a required party. I don't think that means he's a required party but that seems what he's trying to argue. Well I agree that is the argument but I also think that the court has discretion to consider what evidence it thinks is relevant and necessary to make a determination. In this case our client wanted to seek ownership of a certain property in Washington and the court had discretion to look at all the evidence related to that and you're right the court did find that the credibility of the witnesses will be a very strong factor in deciding this case and found that Stan Piatek was not credible. I understand the argument and it's actually not Stan Piatek's argument now it's Ms. Schutte's argument that Stan should be able to come in and claim some sort of community property interest in this but when he said time and again this isn't my property it's not my money it's not community funds I think that he has a hard time coming in here to say that he should somehow have an interest in this property. Moreover if Ms. Piatek had tried to add Stan Piatek during the proceeding Stan could have come in and said this is totally frivolous I have disclaimed an interest in this property why are you bringing me into this I have participated in the lawsuit yet now once the case thrown out for lack of service going moving past the formal requirements the whole point of service is so that a party has the opportunity to come present their case present their defenses and appear so that way they can defend themselves Ms. Schutte had that very opportunity and she did it throughout the entire trial she certainly had notice she had actual notice and Ms. Piatek served Ms. Schutte under our Washington statutes she served her first by attempting personal service and unfortunately that service was not successful had it been we might not be in this predicament today but after numerous attempts going to the property that Ms. Schutte was the record title owner of that property she could never track her down the process server had submitted declarations that at the property Ms. Schutte was in the home there were voices inside lights on lights off plants moved back in front of the doorways TVs or computer lights flickering hearing voices and yet every time the process server knocked on the door nobody answered the process server did also speak to the  to try and find additional information about the whereabouts of Ms. Schutte and the neighbors said yeah she's here periodically I just saw her last week and again we couldn't get personal service so we could not find Ms. Schutte in the state second the plaintiff filed an affidavit stating that either Ms. Schutte was a resident of the state in hiding or somehow could not be found in the state third we mailed a copy of the summons and complaint to the defendant not at one address at five different addresses trying to get addresses that she could be at at some point in Poland and we mailed to all three of those as well trying to get actual notice and finally we have a number of factors under 4.28.100 that have been met most specifically the sub sections 3 and 6 have been met number 3 says if the defendant is not a resident but has property there in and the  jurisdiction of the action then you can serve by publication that's exactly what we have here Ms. Schutte owned property in the state she now claims she owns and the defendant claims an interest in that property we can serve by publication that's again what happened  Ms. Schutte was the owner she certainly claimed an interest Ms. Piatek was trying to claim an interest and say Ms. Schutte you don't get to be an owner anymore and this is Washington Real property so we've met all of the requirements of service under RCW 4.20.100 not only have we met these formal requirements we've met the very basic purpose behind  which is to have the person appear Ms. Schutte filed a notice of removal on March 14 which was a mere two weeks after the service by publication started she appeared in this evidence you can see from the record that throughout the case when Ms. Schutte's counsel was objecting the court allowed it and said this goes to my discretion in determining sole ownership of the property in question and to take into consideration other property that was not before the court exceeded the court's jurisdiction there is no authority that says that a district court cannot consider property outside the property that gives the basis for the in rem jurisdiction what's interesting is that the judge he issued the judgment and determined the real property at issue in this case and the judge has discretion to consider outside matters in making its decisions especially under the declaratory judgment act where he has authority to consider a number of factors in deciding declaratory relief is your argument that it's relevant to determine the source of funds that purchased the property in question because obviously there was testimony from the  about where the money is coming from so I mean is that your basic argument that understanding the bigger picture is relevant as to deciding how this particular property was purchased and whether Ms. Piatek claimed that money came from the mother there was a 1.2 million dollar transfer to Ms. Schutte but you're right it does go to the whole background of these parties it goes to exactly what's happened between them where the money has come from the I don't have an interest in this property and then Ms. Piatek is saying hey it should be mine because it comes from money that I should have had from the marriage and Ms. Schutte is saying she's saying either I brought it with my own separate property or I bought it from money that was not mine and then Ms.       separate property  bought it from money that was not mine and then Ms. Piatek is saying either I bought it from money that was not mine and then Ms. Schutte says either  Piatek says either I bought it from money that was not mine and then Ms. Piatek says either I
judges: Burns, Rawlinson, Callahan